IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL MELLENTHIN, EUGENE BARROW, and ACCESS NOW, INC., individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 17-CV-68-NJR-SCW ) |
| CASEY'S GENERAL STORES, INC., | ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on a partial motion to dismiss the first amended class action complaint filed by Defendant Casey's General Stores, Inc.[1] (Doc. 34). On August 17, 2017, Plaintiffs Daniel Mellenthin, Eugene Barrow, and Access Now, Inc. filed a response in opposition to the motion (Doc. 39), and two weeks later, Casey's filed a reply brief (Doc. 41). For the reasons set forth below, the motion is denied.

PRELIMINARY MATTER

On January 31, 2018, Plaintiff Eugene Barrow filed a stipulation pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) dismissing his action against defendant (Doc. 53). Federal Rule of Civil Procedure 41 allows for stipulations of dismissals

---

[1] Defendant indicates in the motion that it has been improperly named as "Casey's General Stores, Inc.," when in fact the proper defendants are Casey's Retail Company and Casey's Marketing Company. For purposes of convenience and without waiving any objection, defendant refers to itself as "Casey's," and the Court will do the same. Plaintiffs are advised that the proper way to substitute a party in this case would be to seek leave to file an amended complaint to name the correct party or parties.

under certain circumstances, but the rule is circumscribed to dismissals of "actions," not "parties" or "claims," meaning that the rule cannot be used to cleave away one claim or one party from a larger case. *See Taylor v. Brown*, 787 F.3d 851, 857-58 (7th Cir. 2015); *Musa v. Kabul, Inc.*, 15-cv-804, 2016 WL 4734743, at *1 (W.D. Wisc. Sept. 9, 2016). While the Court acknowledges the plain reading of the rule, it finds that dismissing this plaintiff, rather than ordering amendment of the complaint, is in the interest of judicial economy in this particular case.

## FACTUAL & PROCEDURAL BACKGROUND

Plaintiff Daniel Mellenthin (an individual who is confined to a wheelchair) and Plaintiff Access Now, Inc. (a civil rights organization whose members have various mobility disabilities) (collectively "Plaintiffs") bring claims pursuant to 42 U.S.C. § 12188(a)(2) of the Americans with Disabilities Act ("ADA") (*See* Doc. 32). Plaintiffs allege that Casey's violate the ADA by having centralized policies and practices with regard to the design, construction, alteration, maintenance, and operation of its facilities that cause access barriers to develop and persist at Casey's facilities (*Id.*). Plaintiffs seek a permanent injunction requiring: (1) Casey's to remediate all parking and path of travel access barriers at its facilities, consistent with the ADA; (2) Casey's to change its corporate policies and practices so that the parking and path of travel access barriers at its facilities do not reoccur; and (3) Plaintiffs' representatives to monitor Casey's facilities to ensure that the injunctive relief ordered has been implemented and will remain in place (*Id.*).

Plaintiff Mellenthin specifically alleges that he has visited four Casey's facilities in Illinois and has "experienced unnecessary difficulty and risk due to excessive slopes in

the parking facilities, and a lack of accessible signage." (Doc. 1, p. 6). On Plaintiffs' behalf, investigators examined fifteen other Casey's locations in Idaho and Illinois and noticed the same barriers to accessibility for wheelchair-bound patrons similarly situated to Plaintiff Mellenthin (Doc. 1, p. 8-11). Specifically, the surfaces of the parking lot are alleged to have excessive slopes that exceed 2.1% and/or "accessible" signs that are mounted less than 60 inches above the finished surface or the parking area (*Id*.). Plaintiffs allege that the systemic access violations by Casey's are illustrative of the fact that Casey's implements policies and practices that fail to design, construct, and alter its facilities so that they are readily accessible and usable, and/or that its maintenance and operational policies and practices are unable to maintain accessibility of its facilities.

Plaintiffs bring this suit as a class action pursuant to Rule 23(b)(2), which provides that a class action may be maintained if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." FED. R. CIV. P. 23(b)(2).

Casey's seeks partial dismissal on several grounds. First, Casey's contends that the nationwide class allegations of Plaintiffs' complaint must be dismissed because Plaintiffs cannot meet their burden of establishing that a nationwide class is appropriate. More specifically, Casey's argues that Plaintiffs' nationwide claims are based on speculation, and they have failed to establish commonality or typicality. Second, Casey's incorporates an argument made in its March 23, 2017 motion to dismiss (which was previously denied as moot), which argued that Plaintiffs' claims relating to eight of the

fifteen stores referenced in the complaint should be dismissed as barred by a prior consent decree and the principles of *res judicata* and collateral estoppel.

Plaintiffs respond arguing that the motion is premature, as the majority of cases cited by Casey's were decided at class certification. Moreover, Plaintiffs argue that the propriety of their class allegations should be determined at the class certification stage. As to the *res judicata* and collateral estoppel arguments, Plaintiffs respond seeking to revive the arguments they made in response back in April 2017.

## LEGAL STANDARD

In deciding a motion to dismiss for failure to state a claim on which relief can be granted under Rule 12(b)(6), the district court's task is to determine whether the complaint includes "enough facts to state a claim to relief that is plausible on its face." *Khorrami v. Rolince*, 539 F.3d 782, 788 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). The Court of Appeals for the Seventh Circuit has clarified that, even after *Twombly*, courts must still approach Rule 12(b)(6) motions by construing the complaint in the light most favorable to the non-moving party, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in the non-moving party's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009), *cert. denied*, --- U.S. ---, 130 S. Ct. 1141 (2010) (quoting *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008)).

## ANALYSIS

### I.  Motion to Dismiss Plaintiffs' Class Allegations

Casey's argues that Plaintiffs' class allegations are too fact-intensive and individualized to be effectively addressed in a single class action. Specifically, Casey's

urges that there is no commonality or typicality sufficient for a nationwide class. Casey's makes clear that its motion to dismiss is not based on standing (*See* Doc. 41, p. 5).

Although Rule 23(c)(1)(A) provides that the court, "[a]t an early practicable time . . ., must determine by order whether to certify the action as a class action," the Court does not find it appropriate to address class certification at this point in time. Plaintiffs have not yet moved for class certification, and "the standards for class certification are more exacting than those for a run-of-the-mill motion to dismiss." *Burton v. Hodgson Mill, Inc.*, No. 16-cv-1081-MJR-RJD, 2017 WL 1282882, at *5 (S.D. Ill. Apr. 6, 2017). Moreover, Casey's has not established that this case is among the rare few where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met. *See Mielo v. Steak 'n Shake Operations*, Civil Action No. 15-180, 2017 WL 1519544, at *7 (W.D. Penn. Apr. 27, 2017) (certifying a class action based on similar allegations of ADA violations). The Court will not consider these arguments relating to the class allegations now at this preemptive stage, but will appropriately consider them on a motion for class certification, once they have been properly developed. *See Heinzl v. Cracker Barrel Old Country Store, Inc.*, Civil Action No. 2:14-cv-1455, 2015 WL 1925811, at *4 (W.D. Penn. Apr. 24, 2015).

**II.     Motion to Dismiss on the basis of the *Mikesic* Amended Consent Decree**

Casey's argues that Plaintiffs' claims in this action are barred by a prior settlement and consent decree. *See Mikesic, et al. v. Casey's General Stores*, No. 98-cv-04165-RDR-RN (D. Kan. 2002). The Court begins by expressing its frustration with Casey's "incorporation by reference" of a twelve-page argument that constituted its previously

filed motion to dismiss (which was denied as moot on August 18, 2017) in what appears to be an attempt at skirting the page limit in violation of this Court's local rules. *See* Local Rule 7.1 ("No brief shall be submitted which is longer than 20 double-spaced typewritten pages in 12 point font."). For the sake of economy and in this limited situation, the Court will revive those arguments made in the previously terminated briefing. In the future, however, Casey's and its counsel are advised that the proper way to go about attempting to exceed the twenty-page limitation on a motion to dismiss is to seek leave of Court before doing so.

The plaintiffs in *Mikesic* sued Casey's on behalf of a class of disabled persons for discriminating against them on the basis of disability by "failing to undertake the readily achievable removal of architectural barriers."[2] (Doc. 13-2, p. 8). The *Mikesic* complaint listed various barriers, which included issues with parking spaces, restrooms, signage, visual emergency alarms, entrance door thresholds, aisle width, and height of payphones (Doc. 13-2, p. 6-7). The case settled, and Casey's agreed to, among other things, conduct surveys of pre-ADA stores and make modifications to entry doors, thresholds and ramps relating to sidewalks, width of sidewalks, parking spaces, telephones, restrooms, signage, and counters (Doc. 13-9, p. 10-20).

Casey's first argues that the *Mikesic* 2002 amended class consent decree[3] ("amended consent decree") is still in full force and effect and must be deemed to

---

[2] The Court may consider the complaint, settlement agreement, consent decree and docket in *Mikesic* without converting the motion to dismiss into a motion for summary judgment, because they are public documents. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) ("[W]e recently held that '[t]he district court may also take judicial notice of matters of public record without converting a 12(b)(6) motion into a motion for summary judgment.'").

[3] Both sides rely on the amended consent decree throughout the briefing for ease of reference, as the amended consent decree signed on May 31, 2002 is practically identical to the original consent decree that

include the plaintiffs in this case. Plaintiffs respond that the amended consent decree is no longer in effect because the settlement has been fully implemented. The 2002 Amended Consent Decree provides that "the action shall be dismissed with prejudice pursuant to Fed. R. Civ. P. 41 no later than thirty (30) days following expiration of the term of this Consent Decree." (Doc. 13-9, p. 6). It also provides that "[t]he Consent Decree will have a limited life, based on the time reasonably needed to carry out its terms, and no more. The lawsuit will remain pending until the settlement has been fully implemented." (Doc. 13-9, p. 8). The amended consent decree sets forth various deadlines, for example, all modifications/enhancements to pre-ADA stores were to have been completed by September 23, 2003 (Doc. 13-9, p. 19). Plaintiffs assert that there is no mention in the amended consent decree of any ongoing monitoring by plaintiffs in the *Mikesic* action, thus, the life of the amended consent decree should have extended to only September 23, 2003, or shortly thereafter. Casey's argues that the after-acquired stores provision and other provisions with no timeframe indicate that the amended consent decree is prospective in nature. While such provisions are less than clear, the Court notes that the decree expressly states that it will have a "limited life" and expressly excludes all Casey's stores "constructed by or for Casey's for first occupancy after the effective date." (Doc. 13-9, p. 21). Although there was never an order of dismissal entered on the

---

was entered on September 23, 1999 (Compare Doc. 13-6 with Doc. 13-9). Specifically, the only difference between the two is that Section 12.4 of the amended consent decree modifies the dates for completion of modifications required pursuant to the decree.

docket, the case is listed as "closed." The Court agrees that the life of the amended consent decree appears to extend through a date no later than 2003.[4]

Casey's next argues that the action is barred by *res judicata* and collateral estoppel. *Res judicata* or claim preclusion precludes a plaintiff from re-litigating claims that were or could have been litigated during an earlier proceeding. *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012). *Res judicata* or claim preclusion "has three ingredients: a final decision in the first suit; a dispute arising from the same transaction (identified by its 'operative facts') and the same litigants (directly or through privity of interest)." *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 851 (7th Cir. 2009). The party seeking the application of *res judicata* has the burden of establishing that all elements of the doctrine are met. *See ITOFCA, Inc. v. MegaTrans Logistics, Inc.*, 322 F.3d 928, 933 (7th Cir. 2003). Any doubts are resolved against preclusion. *Id.*

First, the Court finds, and it is not contested, that the amended consent decree constitutes a "final judgment on the merits" for the purpose of *res judicata*. The parties only appear to dispute whether the two cases involve the same litigants or arise from the same transaction.

The Court will first look to whether the cases involve the same litigants. The class definition in *Mikesic* covered "all persons with disabilities in Illinois, Indiana, Iowa, Kansas, Minnesota, Missouri, Nebraska, Wisconsin and South Dakota, and any other persons with disabilities who have visited or attempted to visit any Casey's General Stores or who have been deterred from availing themselves of the goods or services

---

[4] Regardless, the Court does not find this case covered by the amended consent decree for reasons discussed below.

otherwise available to customers at Casey's General Stores." (Doc. 13-9, p. 4). This class definition covers past and present members, but notably does not include future class members. Therefore, the plain language of the amended consent decree does not appear to include Plaintiffs as class members or at least creates a reasonable doubt as to whether Plaintiffs are included in this class. Moreover, Casey's has failed to satisfy its burden of establishing that Plaintiffs are included in such a class.

Next, the Court will look to whether the claims in both cases arise from the same transaction. "Two claims are one for the purposes of res judicata if they are based on the same, or nearly the same, factual allegations." *Brzostowski v. Laidlaw Waste Systems, Inc.*, 49 F.3d 337, 339 (7th Cir. 1995). The Court does not find that the cause of action alleged in this case is subsumed within the subject matter of the *Mikesic* action. Although both causes of action involve violations of Title III of the ADA in connection with accessibility barriers in parking lots, the dispute at the core of the ADA claim in this action arises from a different core of "operative facts." Specifically, this action alleges that Casey's has implemented centralized *policies and practices* that consistently violate the ADA's accessibility guidelines and routinely result in access barriers at its parking facilities. Plaintiffs seek a permanent injunction requiring Casey's to change its corporate policies to prevent the occurrence of access barriers. Neither the complaint nor the amended consent decree in the *Mikesic* action mentions such a policy claim. The only mention of policy in the amended consent decree was a section titled "Policy Development" indicating that "Casey's will develop training materials and provide additional instructions to employees about providing assistance to customers with disabilities, such

as the following. 16.1 Customers using service dogs shall not be denied access to Casey's General Stores. 16.2 Many customers with disabilities may need assistance in retrieving items from the shelves and counters." (Doc. 13-9, p. 21). This is different from the policy claim asserted in this case. Thus, the Court finds that this action is not barred by *res judicata*.

Casey's also argues that this action is barred by the doctrine of collateral estoppel. Collateral estoppel or issue preclusion bars the renewal of issues that have already been litigated and decided. *Levinson v. United States*, 969 F.2d 260, 264 (7th Cir. 1992). The requirements are as follows: "(1) the party against whom the doctrine is asserted was a party to the earlier proceeding; (2) the issue was actually litigated and decided on the merits; (3) the resolution of the particular issue was necessary to the result; and (4) the issues are identical." *Appley v. West*, 832 F.2d 1021, 1025 (7th Cir. 1987) (citing *Gilldorn Sav. Ass'n v. Commerce Sav. Ass'n*, 804 F.2d 390 (7th Cir. 1986)). As stated, Casey's has not met its burden of demonstrating that these cases involve the same litigants or parties. Additionally, the settlement agreement and amended consent decree limit their scope to releasing "claims," meaning "any and all past and/or present claims, rights, demands, charges, complaints, actions, or liabilities of any kind, known or unknown, for damages, injunctive relief, declaratory relief, attorney's fees, expenses or costs based on Title III of the Americans with Disabilities Act relating to Casey's General Stores." (Doc. 13-5, p. 6, Doc. 13-9, p. 2). *See Pentron v. Sisk*, No. 93 C 3836, 1994 WL 465811, at *2 (N.D. Ill. Aug. 23, 1994). It does not appear from these documents that there has been an agreed resolution of the specific issues before the Court.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** the partial motion to dismiss (Doc. 34). Pursuant to the stipulation filed on January 31, 2018 (Doc. 53), the Court also **DISMISSES** Eugene Barrow as a plaintiff in this action.

**IT IS SO ORDERED.**

**DATED:   February 21, 2018**

s/ Nancy J. Rosenstengel_____
**NANCY J. ROSENSTENGEL
United States District Judge**
